IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| BRANDON J. BURNS,<br><br>    Petitioner,<br><br>  vs.<br><br>WARDEN LEROY KIRKEGARD;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>    Respondents. | Cause No. CV 12-54-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On April 24, 2012, Petitioner Brandon J. Burns filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Burns is currently incarcerated at Montana State Prison and is proceeding pro se.

Burns was sentenced in 2000 for the felony of driving under the influence committed in 1996. He asserts that the 2000 sentence was fully discharged on September 22, 2010. Pet. Supp. at 9; *see also* Order at 2, *Burns v. Mahoney*, No. OP 11-0387 (Mont. Aug. 16, 2011) (doc. 1-1 at 4-7). He remains in prison on a different conviction. He challenges the State's continued collection of restitution that was

imposed by the judgment entered in 2000 as a violation of the Ex Post Facto Clause, U.S. Const. Art. I, § 10.

This case is controlled by the holding in *Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010). Although Burns is, as a prisoner at Montana State Prison, "in custody," he does not allege in this petition that his current custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Instead, he alleges only that the State's continued collection of restitution is "in violation of the Constitution." There is no nexus between his custody and the constitutional violation he asserts. Consequently, this Court lacks subject-matter jurisdiction to hear his petition.[1] *Bailey*, 599 F.3d at 980-81. It should be dismissed.

"The district court must issue or deny a certificate of appealability when it

---

[1] Even if the Court had jurisdiction, Burns likely would not be entitled to federal habeas relief. Federal appellate courts disagree whether restitution is a criminal punishment or a civil penalty. *See, e.g.*, *United States v. Serawop*, 505 F.3d 1112, 1122-23 & n.4 (10th Cir. 2007); *United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 593 (7th Cir. 2006). Given this disagreement, this Court could not conclude that the Montana Supreme Court's resolution of Burns's state habeas petition was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). And, to the extent the Montana Supreme Court's denial of Burns's state habeas petition rested on *State v. Brown*, 182 P.3d 75, 79-80 ¶¶ 23-24 (Mont. 2008)), its decision cannot be challenged in this Court. No federal court, not even the United States Supreme Court, may question the Montana Supreme Court's interpretation of Montana law. *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under *Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010), this Court plainly lacks subject-matter jurisdiction. There is no reason to encourage further proceedings. A COA is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Burns may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Burns files objections, he must itemize each factual finding to which objection is made and must identify the evidence

in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Burns from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Burns must immediately advise the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under this Cause Number. Failure to do so may result in dismissal of the action without notice to him.

DATED this 26th day of June, 2012.

                                               /s/ *Carolyn S. Ostby*
                                               United States Magistrate Judge